IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF ...
FILED

MAY 2 2 2009

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| WELDON CONTRACTORS, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-165-A |
| | § | |
| FIREMAN'S FUND INSURANCE | § | |
| COMPANY AND JOHN BAKER, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of plaintiff, Weldon
Contractors, Ltd., to remand.[1] Plaintiff filed its motion in
response to the amended notice of removal of defendant Fireman's
Fund Insurance Company ("FFIC"), wherein it claimed that the non-
diverse defendant John Baker ("Baker") was improperly joined to
defeat diversity jurisdiction. Having considered FFIC's amended
notice of removal, plaintiff's motion, FFIC's response, and
applicable authorities, the court concludes that plaintiff's
motion should be denied, and that all claims asserted by
plaintiff against Baker in this action should be dismissed.

---

[1]Plaintiff's motion is titled "Response to Defendant Fireman's Fund Insurance Company's Notice
of Removal and Motion to Remand."

I.

Background

In its state court petition filed February 10, 2009, plaintiff contends that it filed a claim with FFIC for property loss occurring on or about April 3, 2007, as a result of hail and windstorms. FFIC forwarded the claim to McLarens Young International ("McLarens"), which then assigned Baker as the adjuster on the claim. Baker hired Unified Building Sciences ("UBS") to inspect the property and determine the extent of the damage. UBS ultimately provided Baker with a report concluding that the hail damage had occurred in 2004, long before the 2007 claim for damages. Baker submitted a recommendation to FFIC; however, FFIC apparently took no action on the claim. On April 2, 2008, plaintiff contacted FFIC and requested that it reexamine its position regarding plaintiff's claim. Although FFIC neither accepted nor rejected plaintiff's claim, it offered a $60,000 "appearance allowance." Am. Notice of Removal, Ex. C at 4.

Plaintiff asserts claims against FFIC for breach of contract and breach of the duty of good faith and fair dealing, and against both defendants for violations of the Texas Deceptive Trade Practices Act ("DTPA") and unfair insurance practices in violation of the Texas Insurance Code. FFIC filed a notice of

2

removal in this court based on diversity, claiming that Baker was improperly joined to defeat diversity jurisdiction. The parties do not dispute that plaintiff and Baker are both citizens of Texas, and if Baker is considered in determining diversity of citizenship, then the court lacks subject matter jurisdiction over this action.

II.

Analysis

The burden of establishing federal jurisdiction is on the party seeking removal. Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007). "The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." Id. at 281-82. When, as here, federal jurisdiction is based on diversity, an action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). When removal is premised on the alleged improper joinder of an in-state defendant, "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004). In resolving a question of improper joinder, the

3

court must resolve any contested issues of fact and any

ambiguities in state law in favor of plaintiff. <u>Gasch</u>, 491 F.3d

at 281.

A removing party may establish improper joinder in two ways:

"(1) actual fraud in the pleading of jurisdictional facts, or (2)

inability of the plaintiff to establish a cause of action against

the non-diverse party in state court." <u>Smallwood</u>, 385 F.3d at

573 (internal citation omitted).  Because defendants have not

alleged actual fraud in the pleadings, the test for improper

joinder is:

> whether the defendant has demonstrated that there is no
> possibility of recovery by the plaintiff against an
> in-state defendant, which stated differently means that
> there is no reasonable basis for the district court to
> predict that the plaintiff might be able to recover
> against an in-state defendant.

<u>Id.</u> To answer this question, the court may either: (1) conduct a

Rule 12(b)(6)-type analysis or (2) in rare cases, make a summary

inquiry "to identify the presence of discrete and undisputed

facts that would preclude plaintiff's recovery against the in-

state defendant."[2]  <u>Id.</u> at 573-74. As FFIC has not alleged fraud

in the pleading of jurisdictional facts, the court must consider

---

[2]Here, a Rule 12(b)(6)-type analysis is appropriate, as FFIC has not identified or even alluded to any discrete and undisputed facts that would preclude plaintiff's recovery against Baker.

whether there exists a reasonable basis that plaintiff might be able to recover against Baker.

In the amended notice of removal, FFIC argues that Baker was improperly joined because there is "no possibility of recovery" against him by plaintiff, and plaintiff has failed to allege any specific actionable conduct attributable to Baker. FFIC also claims that, as an independent adjuster, Baker is not liable to plaintiff for violations of either the DTPA or the Texas Insurance Code.

An adjuster may be a "person" who is "engaged in the business of insurance" for purposes of violations of the Texas Insurance Code and DTPA. Tex. Ins. Code Ann. § 541.002; Tex. Bus. & Com. Code Ann. § 17.50; see also Gasch, 491 F.3d at 282. This would seem to put to rest FFIC's second basis for claiming improper joinder. Nevertheless, as the court finds that there is no reasonable basis to predict that plaintiff might be able to recover against Baker, it need not dwell on this point.

In conducting a Rule 12(b)(6)-type analysis of plaintiff's claims, the court "look[s] initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Smallwood, 385 F.3d at 573. Taking into account that "Texas follows a "fair notice"

5

standard for pleading and that "[p]leadings are to be construed liberally in favor of the pleader," <u>Horizon/CMS Healthcare Corp.</u> <u>v. Auld</u>, 34 S.W.3d 887, 896 (Tex. 2000), the court can only reach the conclusion that plaintiff has failed to state a claim against Baker.

The specific factual allegations against Baker are that he was assigned by McLarens to adjust the claim, hired UBS "to inspect the subject property and to determine the extent of damage caused by the hail storm," Am. Notice of Removal, Ex. C at 4, and made a recommendation to FFIC regarding plaintiff's claim. Plaintiff also contends that "defendants" "failed to assess the damage on all of the premises which sustained wind and/or hail damage, failed to properly inspect the buildings to assess the full extent of the damage," <u>id.</u> at 3, "failed to meet the guidelines as promulgated by Texas law in the evaluation, adjusting and coverage" of plaintiff's claim, <u>id.</u> at 5, "failed to follow the guidelines established by Art. 21.55 of the <u>Texas</u> <u>Insurance Code</u> for acceptance or rejection of insurance claims and failed to timely notify [plaintiff] of the acceptance or rejection of insurance claims," <u>id.</u>, and "failed to adequately investigate the claims," <u>id.</u>

The petition alleges that "defendants" violated sections 17.46(b)(5),(7), and (12), and sections 17.50(a)(2) and (3) of the DTPA by representing to plaintiff that:

a.    [T]he insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have . . . ;

b.    [T]heir insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another . . . ;

c.    [T]heir insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have . . . ;

d.    [T]hey would pay for damages caused by wind and/or hail and then not doing so . . . . ;

e.    Defendant breached an express warranty that the damage caused by wind and/or hail would be covered under the insurance policies. . . . ;

f.    Defendants engaged in an unconscionable action in that it took advantage of Plaintiff's lack of knowledge, ability and experience to a grossly unfair degree. . . .

Am. Notice of Removal, Ex. C at 6-7. These allegations are really legal conclusions couched as factual allegations, with no factual support in the petition. For example, nowhere in the petition does plaintiff allege that Baker made any representations or misrepresentations to him of any kind, except the conclusory assertion in paragraph a, above.

7

The petition makes similar conclusory allegations as to alleged violations of the Texas Insurance Code, contending that "Defendants engaged in unfair claims settlement practices prohibited by section 17.50(A)(4) of the DTPA" and sections 541.060(1),(2),(3),(4), and (7), section 542.003(2), and sections 541.061 (1), (2), and (3) of the Texas Insurance Code by:

a.   [M]isrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

b.   [F]ailing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

c.   [F]ailing to provide promptly to a policyholder a reasonable explanation of the basis in the policy . . . for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

d.   [F]ailing within a reasonable time to affirm or deny coverage of a claim to a policyholder. . . ;

e.   [R]efusing to pay a claim without conducting a reasonable investigation with respect to the claim;

f.   [F]ailing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;

g.   [M]isrepresenting the insurance policy by making an untrue statement of material fact;

h.   [F]ailing to state a material fact that is necessary to make other statements made not misleading . . . .; and

8

    i.    [M]isrepresenting the insurance policy by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact.

Am. Notice of Removal, Ex. C at 8-9. The problem plaintiff has with each of these alleged violations is that it has alleged no facts to show that Baker performed any act that could be construed as a violation of any of the aforementioned sections. Stated differently, none of the facts alleged by plaintiff as to Baker states a violation of the DTPA or the Texas Insurance Code. Instead, all of the above are again nothing more than legal conclusions couched as factual allegations, which the court need not consider in determining a motion to dismiss. See Papasan v. Allain, 478 U.S. 265, 286 (1986); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

    Even if the court were to pierce the pleadings and consider the evidence submitted by the parties, the outcome remains the same. In his affidavit submitted in support of the motion to

remand, J. Phillip Weldon ("Weldon"), president of both of
plaintiff's partner-corporations, claimed Baker inspected the
property, discussed the claim with him, and forwarded to him
correspondence from UBS requesting further information for its
inspection. None of these allegations states a violation of the
DTPA or Texas Insurance Code. Anita Hooten, FFIC's employee-
adjuster, also submitted an affidavit declaring that she made all
of the decisions regarding settlement of plaintiff's claim and
communicated those decisions directly to plaintiff. Both of the
affidavits submitted by the parties underscore the court's
conclusion that there is no reasonable basis to predict that
plaintiff might be able to recover against Baker.

The court acknowledges that numerous district courts in
Texas, including those in the Northern District, have remanded
cases to state court under similar circumstances. See, e.g.,
Blanchard v. State Farm Lloyds, 206 F. Supp.2d 840 (S.D. Tex.
2001); Warren v. State Farm Mut. Auto. Ins. Co., No. 3:08-CV-
0768, 2008 WL 4133377 (N.D. Tex. Aug. 29, 2008); West End
Square, Ltd., v. Great Am. Ins. Co., No. 3:06-CV-1871-BF, 2007 WL
804714 (N.D. Tex. Mar. 14, 2007); see also cases cited in Pl.'s
Resp. at 6. Not only are these cases not controlling, but they
are factually distinguishable from this case. Here, plaintiff has

10

not alleged the type of specific, actionable conduct against
Baker that was present in the above-cited cases. Even giving
plaintiff's pleadings a liberal construction, the court finds
"[n]o facts warranting liability exist here." <u>Griggs v. State
Farm Lloyd's</u>, 181 F.3d 694, 701 (5th Cir. 1999).

III.

<u>Order</u>

For all the reasons described above,

The court ORDERS that plaintiff's motion to remand be, and
is hereby, denied.

The court further ORDERS that all claims of plaintiff,
Weldon Contractors, Ltd., against Baker be, and are hereby,
dismissed.

The court further ORDERS that the style of this action be
modified by the elimination of "and John Baker" from the style so
that from this point forward the style of this action shall be
"Weldon Contractors, Ltd., v. Fireman's Fund Insurance Company."

The court determines that there is no just reason for delay
in, and hereby directs, entry of final judgment as to the

11

dismissal of the claims of plaintiff against Baker.

     SIGNED May 22, 2009.

_____

JOHN McBRYDE
United States District Judge